IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

SANDRA BROWN, #R-35900, et al.,  )
                                  )
Plaintiffs,                       )
                                  )
vs.                               )    No. 15-1447-MMM
                                  )
ANGELA LOCKE, et al.,             )
                                  )
Defendants.                       )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SUBPOENA
AND REPLY IN SUPPORT OF MOTION TO EXTEND DISCOVERY**

NOW COME the defendants, ANGELA LOCKE, CLARA CHARRON (sued as "Sharon"), ALAN PASLEY, DEBBIE DENNING, JOSEPH YURKOVICH, FELIPE ZAVALA, RENEE HATFIELD, JOHN BALDWIN, CHRISTINE BRANNON, J. NESWICK, AARON LEESMAN, MONICA SLATER, TAMMY LINNE, JOSHUA MERREIGHN, DANA CHAUDOIN (sued as "Chaddon"), DUSTY MONTGOMERY, JEFF MASON, SHABEDA WARDEN-PENNINGTON DAVID BRAINARD, and PENNY JOHNSON, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Response to Plaintiff's Motion to Enforce Subpoena and Reply in Support of Motion to Extend Discovery, state as follows:

Two issues are pending before the Court. First, Plaintiffs ask the Court to enforce its 30(b)(6) subpoena. On August 1, 2016, undersigned counsel notified Plaintiff's counsel of the people identified to testify on three of the six topics and identified four available dates on which the depositions could be taken. But, as explained below, Plaintiffs should not be able to exceed the limits of the agreed schedule on class certification and seek merits discovery. Second, Defendants

have asked the Court to extend the current discovery schedule. In lieu of extending discovery, Defendants have informed Plaintiffs that they will instead interview putative class members. Plaintiffs' counsel has objected, claiming an attorney-client relationship with putative class members. As set forth below, Plaintiffs' counsel does not have an attorney-client relationship with the putative class, and controlling case authority demonstrates that Defendants are entitled to contact putative class members prior to class certification.

1. **Plaintiff's Rule 30(b)(6) Subpoena**

Plaintiffs seek testimony allegedly relating to class certification on six separate topics. Three of the topics are relevant to class certification issues: (i) the October 31, 2013 search in question; (iv) policies and procedures relating to searches as of October 31, 2013; and (v) any changes to such policies and procedures after October 31, 2013. Undersigned counsel has identified people to testify on behalf of DOC on these three topics, which are related to class certification issues. Three of the topics, however, are not relevant to class certification, and relate only, if at all, to the merits of the case: (ii) any additional searches at any Illinois prisons housing female prisoners since October 2008; (iii) any shakedowns at Logan Correctional Center involving more than 100 prisoners since the date female offenders were housed at the facility; and (vi) all investigations by the IDOC relating to the October 31, 2013 search. Defendants object to deposition topics ii, iii and vi, as they exceed the scope of the Parties' Proposed Scheduling Plan [Dkt 51] as amended by the Court in a text order on July 8, 2016, which allows only class discovery but not merits discovery.

2. **Defendants' Motion to Extend Discovery**

Defendants moved to extend the discovery schedule because of the recent need to substitute counsel. After getting up to speed on the issues in this case, including reviewing the numerous

declarations that Plaintiffs have tendered from putative class members, Defendants' new counsel informed counsel for Plaintiffs that even if class discovery was not extended, Defendants intended to interview putative class members. In a letter dated July 26, 2016, Plaintiffs' counsel objected to Defendants contacting putative class members, claiming that they were all represented by counsel based on the classes previously certified in *Throgmorton v. Reynolds*, ILCD Case No. 12-3087 (J. Mills), and therefore Defendants were prohibited from contacting them under Rule 4.2 of the Illinois Rules of Professional Conduct. See 7/26/16 Letter from Ruth Brown to Laura Bautista, attached as Exhibit 1. As Defendants' set forth in their letter to Plaintiffs' counsel dated July 29, 2016, attached as Exhibit 2, Rule 4.2 is inapplicable, and Plaintiffs' objection has no merit. Defendants ask this Court to confirm that Defendants' counsel may contact putative class members in this case unless and until the time a class may be certified.

First, Plaintiffs' counsel has no attorney-client relationship with putative class members with regard to the claims asserted in this matter. Plaintiffs' counsel here is presently counsel to the certified classes in *Throgmorton*, a case relating to a 2011 search in Lincoln Correctional Center, but that does not create an attorney-client relationship with putative class members in *Brown* relating to the facts alleged in the *Brown* matter. The two cases concern two different searches that happened two years apart in two separate facilities. Even if some of the putative plaintiffs in *Brown* are actual class members in *Throgmorton* and therefore clients of Plaintiffs' counsel's firm for purposes of that case, that does not mean that counsel currently represents them with regard to their putative claims in *Brown*. Indeed, Comment 3 to Rule 4.2 states: "This Rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation." The facts and claims in *Brown* are matters outside the representation in *Throgmorton*.

3

The fact that the court in *Throgmorton* certified an injunctive class relating to future searches of all women who were incarcerated at Logan Correctional Center (at the time of certification, in 2014), and women who will be incarcerated there in the future, does not change this analysis. In *Throgmorton*, no injunctive relief has been granted on the merits relating to future searches that would encompass the facts alleged in *Brown*. Indeed, that is precisely why Plaintiffs' counsel filed a separate *Brown* action, and argued to this Court on the motion to dismiss that the two cases were separate and distinct – regardless of overlapping injunctive class definitions – prior to a determination on the merits. Plaintiffs' counsel cannot have it both ways. They have contacted putative class members and obtained declarations, and are now trying to prevent Defendants' counsel from speaking with putative class members. Prior to a merits determination in *Throgmorton*, or a decision on class certification in *this case,* Plaintiffs' counsel does not represent the putative class members in *Brown* relating to the facts alleged in this action.

Second, since Plaintiffs' counsel have no attorney-client relationship with putative class members regarding the facts alleged in *Brown*, the law in the Seventh Circuit is clear that there is no prohibition from Defendants contacting putative class members. *See, e.g., Williams v. Chartwell Financial Services, Ltd.,* 204 F.3d 748, 759 (7th Cir. 2000); *Kuhl v. Guitar Ctr. Stores, Inc.,* 07 C 0214, 2008 WL 5244570 (N.D. Ill. Dec. 16, 2008). Plaintiffs have cited no contrary authority.

Accordingly, since Rule 4.2 of the Illinois Rules of Professional Conduct does not apply, Defendants are entitled to contact putative class members. If the Court concurs, Defendants will withdraw their motion to extend the scheduling order and abide by the current schedule, as amended by the Court on July 8, 2016.

**WHEREFORE,** Defendants respectfully request that the Court:

1. Quash Plaintiffs' 30(b)(6) subpoena regarding topics ii, iii and vi as not relevant to class certification issues;

2. Deny Plaintiffs' motion to enforce the subpoena as moot;

3. Allow Defendants to contact putative class members unless and until a class may be certified in this action; and

4. Grant such other and further relief the Court deems just and fair.

Dated:  August 1, 2016

                 Respectfully Submitted,

                 s/ Laura K. Bautista
                 Laura K. Bautista

Laura K. Bautista #6289023
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Email: lbautista@atg.state.il.us

# CERTIFICATE OF SERVICE

I, Laura K. Bautista, Assistant Attorney General, certify that a copy of the foregoing document, Defendants' Response to Plaintiffs' Motion to Enforce Subpoena and Reply In Support of Motion to Extend Discovery, was electronically filed on August 1, 2016, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Arthur Loevy | loevylaw@loevy.com |
| Jonathan Loevy | jon@loevy.com |
| Michael Kanovitz | mike@loevy.com |
| Ruth Brown | ruth@loevy.com |
| Tara Thompson | tara@loevy.com |

/s/ Laura K. Bautista
LAURA K. BAUTISTA