E-FILED
Tuesday, 02 August, 2016   08:53:16 AM
Clerk, U.S. District Court, ILCD



## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

July 29, 2016

Ruth Brown
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

    Re: *Brown, et al. v. Locke, et al.*, Case No. 15-cv-1447

Dear Ms. Brown:

    We are in receipt of your July 26, 2016 correspondence in which you take the position that all putative class members (a) already are your clients, because of the certified classes in *Throgmorton*, and (b) therefore defendants may not interview any putative class members about this case pursuant to Rule 4.2 of the Illinois Rules of Professional Conduct, which prohibits communications with an individual represented by counsel regarding "the subject of the representation." Defendants disagree with your unsupported position.

    First, the fact that you are presently counsel to the certified classes in *Throgmorton* does not mean that you have an attorney-client relationship with putative class members in *Brown* **relating to the facts alleged in the *Brown* matter**. The two cases concern two different searches that happened two years apart in two separate facilities. Even if some of the putative plaintiffs in *Brown* are actual class members in *Throgmorton* and therefore clients of your firm for purposes of that case, that does not mean that you currently represent them with regard to their putative claims in *Brown*. Indeed, Comment 3 to Rule 4.2 states: "This Rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation." Of course, in seeking to speak with putative class members in *Brown*, we can assure you that we will not raise any questions relating to the facts asserted in the *Throgmorton* matter, a matter "outside the representation" of the *Throgmorton* matter.

    The fact that the court in *Throgmorton* certified an injunctive class, Class II, of all women who were currently incarcerated at Logan Correctional Center, and who will be in the future, does not change this analysis. In *Throgmorton*, no injunctive relief has been granted on the merits relating to future searches that would encompass the facts alleged in *Brown*. Indeed, that is precisely why you filed a separate *Brown* action, and why you argued to the Court on the

500 South Second Street, Springfield, Illinois  62706 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois  60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Avenue, Suite 102, Carbondale, Illinois  62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax: (618) 529-6416



motion to dismiss in *Brown* that the two cases were separate and distinct prior to a determination on the merits. Accordingly, prior to a merits determination on injunctive relief in *Throgmorton*, or a decision on class certification in *Brown*, your firm does not represent the putative class members in *Brown* relating to the facts alleged in *Brown*.

Second, since you have no attorney-client relationship with putative class members regarding the facts alleged in *Brown*, the law in the Seventh Circuit is clear that there is no prohibition from Defendants contacting putative class members. *See, e.g., Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000); *Kuhl v. Guitar Ctr. Stores, Inc.*, 07 C 0214, 2008 WL 5244570 (N.D. Ill. Dec. 16, 2008). You have cited no contrary authority.

Please let me know if you are available to speak about this issue on Monday, August 1, 2016, as we plan on bringing this issue to the Court's attention in anticipation of the telephone conference with the Court scheduled for August 11, 2016 at 10:00 a.m.

Very Truly Yours,

Laura K. Bautista