IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SANDRA BROWN, LATRASHA JOHNSON, JERRI LINDSEY, and LAVI CONNER, on behalf of themselves, | ) ) ) ) |
| Plaintiffs, | ) Case No. 15-1447-MMM ) ) |
| v. | ) ) |
| ANGELA LOCKE, et al., | ) Hon. Judge Mihm, Presiding ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO REOPEN CASE AND FOR ORDER OF
PAYMENT PURSUANT TO SETTLEMENT AGREEMENT**

Plaintiffs Sandra Brown, Latrasha Johnson, Jerri Linday, and Lavi Conner, by and through their attorneys, hereby respectfully request that this Court reopen this case and issue an order directing the Illinois Department of Corrections (IDOC) to pay, within 14 days, the outstanding settlement proceeds to Plaintiffs on behalf of Defendants. In support, Plaintiffs state as follows:

1.  The parties in this case finalized a settlement in February 2017 providing for settlement proceeds to be paid by the State of Illinois to Plaintiffs "when appropriated through the Indemnification Fund administered by the Illinois Department of Central Management Services pursuant to the State Employee Indemnification Act (5 ILCS 350/0.01 et seq.)." Robert Fanning signed the agreement on behalf of IDOC and the individual Defendants.

2.  Plaintiffs have not yet received payment of the settlement proceeds.

3.  On February 27, 2017, pursuant to the settlement agreement, the parties filed a Joint Motion for Order of Dismissal. *See* Dkt. No. 80.

4. The parties' settlement provided that the Court would dismiss the case without prejudice as settled, "with leave to reinstate within four months if the Settlement Amount . . . is not paid." The settlement further provided: "The time to reopen may be extended by order of the presiding judge upon a showing of good cause."

5. This Court approved the settlement on April 6, 2017. *See* Dkt. No. 87.

6. In accordance with the parties' settlement agreement, the Court clarified that the case had been dismissed "without prejudice, with leave to reinstate within 120 days if the settlement amount is not paid within that time, and to convert to a dismissal with prejudice after 120 days if the plaintiff[s] do not seek reinstatement," and that the Court "retain[ed] jurisdiction . . . to enforce the parties' settlement agreement subject to any limitations contained in *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375 (1994)." Dkt. No. 95 (April 25, 2017 text order); *see also* Dkt. No. 96 (April 26, 2017 amended judgment).

7. Plaintiffs did not receive payment of the settlement proceeds in April, May, or June of 2017.

8. Following the State of Illinois's passage of a budget in July 2017, Plaintiffs' counsel conferred with Defendants' counsel regarding IDOC's non-payment of the settlement proceeds. Defendants represented on July 27, 2017 that the payment request would be submitted within 1-2 weeks and that payment would be completed within 120 days.

9. Based on Defendants' representation, Plaintiffs submitted an agreed motion to extend the time to reinstate the case by an additional 120 days, through December 2, 2017 (Dkt. No. 97). The Court granted the motion in a July 31, 2017 text order, clarifying that "Absent extraordinary circumstances, no further extensions will be granted." Text Order of July 31, 2017.

10. Nonetheless, Plaintiffs again did not receive payment in August, September, or October 2017.

11. Beginning in mid-October, Plaintiffs' counsel began conferring with Defendants' counsel about the status of the settlement proceeds. Despite many repeated inquiries, Plaintiffs' counsel has been unable to obtain any information from Defendants about the status of payment. *See* Exh. A, Correspondence, at 10-22.

12. On November 1, 2017, Plaintiffs' counsel contacted the Records Office of the Office of the Illinois Comptroller, who could not find any record of a request for payment by IDOC or anyone else (also called a "voucher") of Plaintiffs' settlement money. *See id.* at 18.

13. Since that time, Plaintiffs' counsel has contacted Defendants' counsel repeatedly to confirm that a request for payment had been submitted, and to find out the associated voucher number, but received no substantive response other than that Defendants would look into the matter. *See id.* at 18-22.

14. IDOC again did not pay the settlement proceeds in November 2017.

15. As of the date of this filing, Plaintiffs have not received any of the moneys that the IDOC agreed to pay them to settle this case, nor any confirmation that IDOC has even submitted the request for payment that Defendants represented on July 27, 2017 would be submitted within 1-2 weeks.

16. Plaintiffs accordingly ask this Court to reopen the case and enforce settlement by ordering IDOC to pay the settlement proceeds to Plaintiffs within 14 days. Good cause exists to do so based on IDOC's failure to pay the settlement proceeds and Defendants' refusal to provide any information regarding the status of payment.

17. Because this Court retained jurisdiction to enforce the settlement agreement subject, because the parties stipulated to a dismissal without prejudice, and because the settlement agreement expressly provided for reinstatement upon non-payment of the settlement proceeds, this Court has jurisdiction to reopen this case and enforce the terms of the settlement. *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007); *Ford v. Neese*, 119 F.3d 560, 562 (7th Cir. 1997); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994).

18. There can be no dispute that the parties reached an enforceable agreement in this case. Where, as here, the agreement did not specify a time for payment, "a reasonable time will be implied." *Rose v. Mavrakis*, 799 N.E.2d 469, 475 (Ill. App. Ct. 2003); *see also In re Marriage of Tabassum & Younis*, 881 N.E.2d 396, 408 (Ill. App. Ct. 2007) ("amount of time that constitutes a reasonable amount of time is a question of fact").

9. In this case, nearly eight months have passed since the Court approved the settlement agreement, which had been signed two months prior to that. Moreover, Defendants previously indicated that payment would be complete by November 2017. Plaintiffs performed their responsibilities under the contract, filing stipulations to dismiss. It is thus time for this Court to require the IDOC to perform its obligation to pay Plaintiffs the settlement amount.

10. Should Plaintiffs not receive the settlement monies from IDOC within 14 days, Plaintiffs intend to ask this Court to further permit additional or alternative remedies, including but not limited to judgment in Plaintiffs' favor, costs, and attorneys' fees.

WHEREFORE, Plaintiffs respectfully ask this Court to reopen the case and issue an order directing IDOC to issue payment in accordance with the settlement agreement within 14 days.

RESPECTFULLY SUBMITTED,

/s/ Ruth Brown
Attorneys for Plaintiffs

Arthur Loevy
Michael Kanovitz
Jon Loevy
Tara Thompson
Ruth Brown
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Ruth Brown, an attorney, certify that on December 1, 2017, I caused the foregoing to be served via the Court's electronic filing system upon all counsel of record.

/s/ Ruth Brown

5