

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SANDRA BROWN, LATRASHA JOHNSON, JERRI LINDSEY, and LAVI CONNER, on behalf of themselves and a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANGELA LOCKE, et al, <br><br> Defendants. | Case No. 15-1447-MMM <br><br><br><br><br> Hon. Judge Mihm, Presiding |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between the Plaintiffs, Sandra Brown, Latrasha Johnson, Jerri Lindsey, and Lavi Conner (hereinafter referred to as "Plaintiffs"), and the Defendants, Angela Locke, Clara Sharon, Tammy Linne, Alan Pasley, Debbie Denning, Joseph Yurkovich, Felipe Zavala, Renee Hatfield, Salvador Godinez, John Baldwin, Christine Brannon, Shabeda Warden-Pennington, Beck, Penny Johnson, J. Neswick, Franklin, Aaron Leesman, Monica Slater, Cole, Sexton, Joshua Merreighn, Elken, Dusty Montgomery, Dana Chaudoin, Jeff Mason, and David Brainard (hereinafter referred to as "Defendants") and the Illinois Department of Corrections ("IDOC").

### RECITALS

WHEREAS, the Plaintiffs filed this lawsuit in the United States District Court for the Central District of Illinois, Springfield Division, entitled *Brown et al. v. Locke et al.*, No. 15-1447-MMM (hereinafter referred to as "Action"), alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois, and/or the Constitution of the United States;

WHEREAS, the Defendants deny the allegations and deny any statutory, common law, constitutional or regulatory violations, and affirmatively state that the Plaintiffs have failed to state a claim upon which relief can be granted;

WHEREAS, all Parties agree that neither the fact of this Agreement, nor any term or provision hereof shall be construed as an admission by any party to the Action, or IDOC, of the merit or viability of any claims or defenses asserted by any party to the Action, or an admission of liability by any of the Defendants; and,

WHEREAS, so as to avoid further expense and in recognition of the positions of the Parties to the above case, the Parties wish to settle and compromise the pending Action, thereby

terminating this litigation;

        IT IS HEREBY AGREED, by and between the Parties as follows:

        1.    In consideration for the full and complete settlement of this claim, the Plaintiffs shall receive the payment of the sum of Twenty Five Thousand Dollars ($25,000.00) (the "Settlement Amount"), which shall be paid when appropriated through the Indemnification Fund administered by the Illinois Department of Central Management Services pursuant to the State Employee Indemnification Act (5 ILCS 350/0.01 et seq.) with the draft payable in the form of five (5) checks: (a) one check payable to "Sandra Brown and Loevy & Loevy" in the amount of $1,250.00; (b) one check payable to "Latrasha Johnson and Loevy & Loevy" in the amount of $1,250.00; (c) one check payable to "Jerri Lindsay and Loevy & Loevy" in the amount of $1,250.00; (d) one check payable to "Lavi Conner and Loevy & Loevy" in the amount of $1,250.00; and, (e) one check payable to "Loevy & Loevy" in the amount of $20,000 for attorney's fees and costs. Compensation payable under this Agreement shall be subject to state laws governing the State Comptroller's obligation to withhold funds that Plaintiffs or Loevy & Loevy may owe to other persons or to state agencies. The validity of those claims may be contested through applicable state procedures.

        2.    It is expressly agreed that IDOC and the Office of the Illinois Attorney General waive any right they may have pursuant to 730 ILCS 5/3-7-6 to recover or withhold any portion of the settlement payment hereunder for any costs of incarceration for Sandra Brown, Latrasha Johnson, Jerri Lindsey, or Lavi Conner.

        3.    It is expressly agreed that the Defendants in their individual capacities shall not be responsible for payment of any sum under this Agreement.

        4.    It is further understood and agreed that the above agreed-upon terms are not to be construed as an admission of any liability, such liability having been expressly denied. No inducements or representations have been made by any agent or attorney of any party hereby released as to the legal liability or other responsibility of any party claimed responsible. It is agreed that this release applies to known or unknown injuries, costs, expenses, and/or damages alleged to have been suffered or incurred by the Plaintiffs due to the actions or inactions of the Defendants as stated in the Plaintiffs' complaint(s) filed in the Action, and is intended to be a full and complete disposition of the entire claim(s) and/or cause(s).

        5.    Conditioned upon the payment of the Settlement Amount, the Plaintiffs, their heirs, successors and assigns, agree to release, and hereby release and forever discharge the Defendants in their individual and official capacities, the IDOC, their agents, former and present employees, successors, heirs and assigns, and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, attorney's fees, costs and expenses which arose or could have arisen from the facts alleged or claims made in the Action, which the Plaintiffs own, have, or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. Section 1983) or in equity.

6. Conditioned upon the payment of the Settlement Amount, the Plaintiffs and their attorneys release, waive and relinquish any additional claims or rights to attorney's fees, expenses, and costs from the Defendants, the State of Illinois, and the IDOC allegedly incurred or due in the Action pursuant to 42 U.S.C. § 1988, or under any other statute, rule or common law provision.

7. Upon notification of this settlement by the Parties, the Court shall enter an order dismissing the case without prejudice as settled, with leave to reinstate within four months if the Settlement Amount set forth in Paragraph 1 above is not paid. The time to reopen may be extended by order of the presiding judge upon a showing of good cause. The Parties agree that within twenty-one (21) business days of payment of the Settlement Amount by the Illinois Comptroller, Plaintiffs or their counsel shall file a Stipulation to Dismiss the Action with prejudice, with both sides to pay their own fees and costs.

8. The Court in the Action shall retain jurisdiction to enforce the terms of this Agreement.

9. No promise has been made to pay or give the Plaintiffs any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the Parties concerning the subject matter of this Agreement are merged into this Agreement. This Agreement contains the entire agreement between the Parties.

10. Each Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences. The Plaintiffs have not relied upon any information or representations which are not contained in this Agreement.

11. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

12. This Agreement may not be changed, modified or assigned except by the written agreement of the Plaintiffs, the IDOC, and the Illinois Attorney General.

13. This Agreement shall not be construed to constitute a waiver of the State of Illinois or IDOC's sovereign immunity.

14. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart.

15. All parties agree to cooperate fully in the execution of the settlement and stipulation to dismiss.

AGREED:

---
Sandra Brown                    Date:
Plaintiff

---
Latrasha Johnson                Date:
Plaintiff

---
s/ Lavi Conner
Lavi Conner                     Date: 2-24-17
Plaintiff

---
Jerri Lindsey                   Date:
Plaintiff

---
Counsel for Plaintiffs          Date:
Loevy & Loevy

---
Robert L. Fanning    Date:
Special Litigation Counsel
For the Illinois Department of Corrections and Defendants

s/ Sandra Brown

_____   Date: 2/24/17
Sandra Brown
Plaintiff


_____   Date:
Latrasha Johnson
Plaintiff


_____   Date:
Lavi Conner
Plaintiff


s/ Jenny Robbin Lindsey

_____   Date: 2/26/17
Jerri Lindsey
Plaintiff


s/ R. Brown

_____   Date: 2/27/17
Counsel for Plaintiffs
Loevy & Loevy


_____   Date:
Robert L. Fanning
Special Litigation Counsel
For the Illinois Department of Corrections and Defendants

_____
Sandra Brown					Date:
Plaintiff


_____
s/ Latrasha Johnson
Latrasha Johnson				Date: 2-27-17
Plaintiff


_____
Lavi Conner					Date:
Plaintiff


_____
Jerri Lindsey					Date:
Plaintiff


_____
Counsel for Plaintiffs				Date:
Loevy & Loevy


_____
Robert L. Fanning    Date:
Special Litigation Counsel
For the Illinois Department of Corrections and Defendants

_____
Sandra Brown                          Date:
Plaintiff


_____
Latrasha Johnson                      Date:
Plaintiff


_____
Lavi Conner                           Date:
Plaintiff


_____
Jerri Lindsey                         Date:
Plaintiff


_____
Counsel for Plaintiffs                Date:
Loevy & Loevy


s/ Robert Fanning
_____
Robert L. Fanning     Date: 2-27-17
Special Litigation Counsel
For the Illinois Department of Corrections and Defendants